JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 24 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 649

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE E.F. HUTTON BANKING PRACTICES LITIGATION

TRANSFER ORDER

This litigation presently consists of eight actions pending in two federal districts: four actions each in the Southern District of New York and the Middle District of Pennsylvania.[1] Before the Panel is a motion by defendants E.F. Hutton & Company, Inc. (Hutton) and E.F. Hutton Group Inc. (Hutton Group) to centralize, pursuant to 28 U.S.C. §1407, the actions in this litigation in the Southern District of New York for coordinated or consolidated pretrial proceedings. Plaintiffs in two actions oppose centralization; plaintiffs in two other actions favor centralization but suggest that the Middle District of Pennsylvania is the appropriate transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under 28 U.S.C. §1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The eight actions before the Panel -- three shareholder derivative actions, four shareholder class actions and one customer class action -- all involve common and complex factual issues relating to Hutton's operation of checking accounts in commercial banks, and arising from Hutton's guilty pleas to federal criminal charges of mail and wire fraud in connection with the operation of those accounts. Moreover, four of the actions (three in New York and one in Pennsylvania) are brought on behalf of overlapping classes of purchasers of Hutton Group common stock. Centralization under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Southern District of New York is the appropriate transferee forum for this litigation. We note that the corporate headquarters of principal defendants Hutton and Hutton Group are in New York City and seventeen of the 24 individual defendants work in New York City and/or reside in the New York metropolitan area.

---

[1] The Panel has been advised of the pendency in federal district courts of several additional related actions. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Middle District of Pennsylvania be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Whitman Knapp for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

Schedule A

## MDL-649 -- In re E.F. Hutton Banking Practices Litigation

### Middle District of Pennsylvania

Melville A. Carty v. E.F. Hutton Group, Inc., et al.,
C.A. No. CV-85-0640
Irwin Walkenfeld v. E.F. Hutton Group, Inc., et al.,
C.A. No. CV-85-0642
Fred DePalma v. Thomas Lynch, et al.,
C.A. No. CV-85-0634
George M.D. Richards, et al. v. Robert Fomon, et al.,
C.A. No. CV-85-0633

### Southern District of New York

Chaim Mandelbaum v. E.F. Hutton & Co., Inc., et al.,
C.A. No. 85-Civ-3453
Harold L. Hancock v. E.F. Hutton Group, Inc., et al.,
C.A. No. 85-Civ-3411
Karl & Lillian Zuckerman, etc. v. E.F. Hutton Group, Inc., et al.,
C.A. No. 85-Civ-3450
Robert Strougo v. Robert Fomon, et al.,
C.A. No. 85-Civ-3745